**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------
PAUL A. GIBSON,

                             Plaintiff,

      v.                                        No. 15-CV-267
                                                         (DNH/CFH)

NYS OLYMPIC REGIONAL DEVELOPMENT
AUTHORITY,

                             Defendant.
----------------------------------------------------------------

**APPEARANCES:**                                 **OF COUNSEL:**

PAUL A. GIBSON
Plaintiff Pro Se
93 Newman Road
Lake Placid, New York 12946

**CHRISTIAN F. HUMMEL
United States Magistrate Judge**

## REPORT-RECOMMENDATION & ORDER

    On March 10, 2015, pro se plaintiff Paul A. Gibson filed a complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Compl. (Dkt. No. 1). Plaintiff has not paid the filing fee and instead seeks permission to proceed with this matter in forma pauperis ("IFP"). Dkt. No. 2.

    In plaintiff's complaint, he alleges – through checking off of the provided boxes – that defendant discriminated against him on the basis of his religion, age, and national origin by subjecting him to retaliation, unequal terms and conditions of employment, and termination of employment. Compl. at 2.

## I. **IFP**

    Turning to plaintiff's IFP application, after reviewing the information provided therein,

the Court finds that plaintiff may properly proceed with this matter IFP.

## II. **Initial Review**

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Here, plaintiff's complaint provides that he was discriminated against on the basis of his race or color, national origin, and age. Compl. at 2. He further provides that the action involves termination, unequal terms and conditions of employment, and retaliation. Id. Plaintiff has omitted from his complaint any factual background or specific allegations. Plaintiff attaches to his complaint a letter from the U.S. Equal Employment Opportunity Commission ("EEOC") dismissing his complaint. Id. at 4-5. Even though the EEOC dismissal may be incorporated into the complaint by reference, alone, it is insufficient to state a claim.

Pleading guidelines are provided in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores

2

v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).

3

However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, especially with respect to a pro se complaint, the court generally affords the plaintiff leave to amend the complaint to state a nonfrivolous claim. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).

Here, the complaint is wholly void of any explanation of any discrimination on the basis of age or national origin or the apparent unequal terms and conditions of his employment. Thus, it fails to state a claim upon which relief can be granted. Further, plaintiff has failed to comply with Federal Rules of Civil Procedure 8 and 10 in that he does not set forth any factual allegations relating to his claims against defendant for discrimination. Although the EEOC letter appended to the complaint provides that, at some point, plaintiff faced racial harassment in his work environment, which lead to the offenders' terminations, and that he eventually was terminated himself for causes unrelated to discrimination, it provides no factual support for his Title VII claims.

As such, dismissal would be appropriate pursuant to 28 U.S.C. §§ 1915(e) and 1915A. However, in light of plaintiff's pro se status, this Court recommends that, prior to dismissing this action, plaintiff be directed to amend his complaint to provide clear details regarding his claims. Specifically, plaintiff is directed to draft a complaint which satisfies the plausibility standard outlined in Ashcroft v. Iqbal, 556 U.S. 662 (2009), requiring plaintiffs to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citations omitted). Plaintiff will have to allege specific facts sufficient to plausibly state that the named defendant deprived him of constitutional or statutorily-protected rights.

4

III.  **Conclusion**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP application (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, plaintiff's complaint be **DISMISSED** for failure to comply with the pleading standards and failure to state a claim; and it is further

**RECOMMENDED** that alternatively, in light of his pro se status, prior to dismissing plaintiff's complaint in its entirety, he be provided an opportunity to amend his complaint to expand upon the facts that would support his claim for entitlement to relief; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation."  N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Date:  March 13, 2015
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge